UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TA'MON L. CALLIHAN,<br><br>                    Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *et al.*,<br><br>                    Defendants. | Case No. 2:13-CV-01329-JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

In response to an order to show cause, *pro se* plaintiff Ta'Mon Callihan, proceeding *in forma pauperis*, filed an amended 42 U.S.C. § 1983 civil rights action alleging that the Washington State Department of Social and Health Services ("DSHS") and private, non-profit Thunderbird Treatment Center ("Thunderbird") violated his constitutional rights by providing his whereabouts to an unknown third party claiming to be from the Department of Corrections. Dkt. 7, at 1. The Court recommends **DISMISSING** this matter with prejudice for failure to state a claim and for suing a state entity immune from a suit for monetary damages. *See* 28 U.S.C. § 1915(e)(2)(B). This dismissal counts as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

## BACKGROUND

In his original complaint, plaintiff sued Thunderbird; Steven Frye, a counselor at Thunderbird; an unnamed receptionist at Thunderbird; and Seattle Indian Health Board

REPORT AND RECOMMENDATION - 1

1  ("SIHB"), the non-profit organization that runs Thunderbird.  Dkt. 5, at 2–3.  The Court ordered
2  plaintiff to show cause why this matter should not be dismissed for failure to state a claim
3  because he sued private parties not liable under § 1983, made insufficient factual allegations, and
4  improperly sued organizations solely under a theory of respondeat superior.  Dkt. 6.

5  In his amended complaint, plaintiff removed defendants Mr. Frye, the Jane Doe receptionist,
6  and SIHB.  Dkt. 7, at 3–4.  He added defendant DSHS.  *Id.*  Thus, plaintiff now sues two
7  defendants, DSHS and Thunderbird, based on a respondeat superior theory that these entities are
8  responsible for Mr. Frye and the Jane Doe receptionist informing an unknown caller in February
9  to March 2013 that plaintiff was a patient at Thunderbird.  Dkt. 7, at 1.  He contends that this
10 violated the Eighth Amendment and his right to privacy.  *Id.*  He states that he entered treatment
11 at Thunderbird entirely of his own volition and that the treatment was not related to his criminal
12 sentence.  *Id.*

13 Plaintiff seeks compensatory and punitive damages of $80,000 from Thunderbird, and
14 compensatory and punitive damages of $80,000 from DSHS.  *Id.* at 2.

15 **DISCUSSION**

16 The Court will dismiss a complaint at any time if the action fails to state a claim, raises
17 frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from
18 such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To sustain a § 1983 action, a plaintiff must show
19 (a) that he suffered a violation of rights protected by the Constitution or created by federal
20 statute, and (b) that the violation was proximately caused by a person acting under color of state
21 or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In general, a
22 § 1983 plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights
23 because a defendant cannot be held liable solely on the basis of supervisory responsibility or

position. *See City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–94 (1978). Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

The Court finds that plaintiff fails to state a claim and sues a state entity that is immune from monetary damages.

### 1. Private Party Thunderbird Not Acting Under Color of State Law

Plaintiff alleges that defendant Thunderbird, a private, non-profit organization, violated his federal or constitutional rights to medical privacy merely by telling his whereabouts to an unknown third party pretending to be a state officer. *See* Dkt. 7, at 1. "The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Caviness v. Horizon Community Learning Center*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Plaintiff has failed to state a claim that Thunderbird engaged in state action because its employees spoke to someone on the phone who pretended to be a state officer.

### 2. State Sovereign Immunity of DSHS

DSHS, a state entity, is not a "person" for § 1983 purposes and is entitled to state sovereign immunity from a suit for damages. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

### 3. No Respondeat Superior

Plaintiff sues defendants Thunderbird and DSHS entirely under a theory of respondeat superior that is disallowed in § 1983 actions.

### 4. Insufficient Factual Allegations

Plaintiff has failed to state a claim because his factual allegations, even taken as true, are

REPORT AND RECOMMENDATION - 3

insufficient to raise more than a speculative right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff refers to the Eighth Amendment but cannot describe how the DSHS or Thunderbird—neither of whom incarcerated him—required excessive bail, imposed excessive fines, or inflicted cruel and unusual punishment on him.  Plaintiff does not describe with any specificity what wrongful conduct defendants took even if they are considered to be state actors.  If plaintiff is likening his inpatient treatment program to incarceration, "prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010).  In addition, there is no private right of action under the Health Insurance Portability and Accountability Act ("HIPAA") for improperly made disclosures.  *Id.* at 533.

## CONCLUSION

The Court recommends **DISMISSING** this matter with prejudice for failure to state a claim and for suing a state entity immune from a suit for monetary damages.  *See* 28 U.S.C. § 1915(e)(2)(B).  This dismissal counts as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

Any objections to this Recommendation must be filed no later than **October 8, 2013.** The Clerk should note the matter for **October 11, 2013**, as ready for the District Judge's consideration.  Objections shall not exceed five (5) pages.  The failure to timely object may affect the right to appeal.

DATED this 17th day of September, 2013.

BRIAN A. TSUCHIDA
United States Magistrate Judge